**In re SMITH–DOUGLASS, INC., Debtor.**

**No. 86–1308–CIV–5.**

United States District Court, E.D. North Carolina, Raleigh Division.

May 13, 1987.

See also, Bkrtcy., 43 B.R. 616.

Gregory B. Crampton, Raleigh, N.C., for Smith-Douglass, Inc., debtor-in-possession.

Richard M. Hutson, II, Durham, N.C., and Thomas B. Anderson, Jr., Dallas, Tex., for Wells-Fargo Business Credit, appellee.

Lacy H. Reaves, Raleigh, N.C., for Counsel for Committee of Unsecured Creditors.

John M. Murchison, Jr., Charlotte, N.C., for Borden, Inc., appellant.

Malcolm J. Howard, Greenville, N.C., and John M. Carey, Toledo, Ohio, for Bernard R. Garrett, appellant.

Carey Costentino, Asst. Atty. Gen., Environmental Control Div., Chicago, Ill., for State of Ill., appellant.

## ORDER

BRITT, Chief Judge.

This matter is before the court on appellees' joint motion to dismiss the appeal of

the bankruptcy court's order authorizing the abandonment of certain property. The matter has been fully briefed and is now ripe for ruling.

On 11 March 1983 Smith-Douglass, Inc., (Smith-Douglass) filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Eastern District of North Carolina. On 5 March 1986 Smith-Douglass, acting as debtor in possession, filed a motion in the bankruptcy court to abandon certain property of the estate located in Illinois. On 4 September 1986 the bankruptcy court entered an order authorizing Smith-Douglass, as debtor in possession, to abandon the property. On 15 September 1986 Borden, Inc., (Borden) and Bernard Garrett (Garrett) filed a notice of appeal from the order of abandonment with this court. On 25 September 1986 the State of Illinois filed a similar appeal. Borden also made a motion with the bankruptcy court for a stay of the abandonment order pending the appeal to this court. On 19 September 1986 the bankruptcy court denied the motion for a stay.

■ The appellees, Gregory Crampton (Trustee) and Wells Fargo Business Credit, now ask this court to dismiss the appeals for mootness. They contend that an abandonment order becomes final unless the order is overturned or a stay is entered within ten days of the order. The appellees argue that since the appellants failed to obtain a stay or reversal within ten days of the order, the court is now barred from granting the requested relief and the case is therefore moot.

The appellant Borden argues that the case is not moot because the court has the power to order that the abandonment be set aside. Borden points out that in *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986), the United States Supreme Court revoked a nonstayed abandonment order almost four years after the abandonment order was entered. Borden also argues that the appellees' argument would lead to

an impractical and unfair result. It would force bankruptcy courts and district courts to consider and rule upon a stay within a ten-day period. It would also prevent circuit courts of appeals or the United States Supreme Court from ever hearing an appeal of a nonstayed abandonment order. Borden contends that such a result would deprive parties of their right to appeal an order of the bankruptcy court.

■ The court agrees with the appellant Borden. The appellees have not cited a single case in which a court has held that an appeal of an abandonment order is rendered moot by the failure to obtain a stay within ten days. On the other hand, the United States Supreme Court has revoked a nonstayed abandonment order. This court must follow the Supreme Court's precedent.

■ The appellees argue that this court should not consider the Supreme Court's action binding on it because the question of mootness was not raised by the parties in the *Midlantic* case. This argument is not convincing. The question of mootness is always before a federal court. The Supreme Court has stated that the question of mootness must be resolved even though it is not raised by the parties because the issue implicates the court's jurisdiction. *St. Paul Fire & Marine Insurance Co. v. Barry*, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927, 57 L.Ed.2d 932 (1978). The Supreme Court's failure to dismiss the *Midlantic* case on grounds of mootness is binding on this court. Accordingly, the appellees' motion to dismiss is denied.